UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA SHANNON | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4362 |
| DESRIEE HORTON, ET AL. | * | SECTION "M" (2) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Zina Shannon filed her Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on November 2, 2022. ECF Nos. 1, 2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 3. This November 4, 2022 Order required Plaintiff to file a written response setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim, on or before Wednesday, December 14, 2022, in accordance with 28 U.S.C. § 1915(e)(2). The Order further advised Plaintiff that her failure to respond in writing as directed may result in dismissal of her complaint.

I.   **PLAINTIFF'S CLAIMS**

Plaintiff's Complaint does not include an explanation of her claims beyond a statement that "they took money." ECF No. 1 ¶ II, at 4. Shannon does, however, select various suit codes on the attached civil cover sheet, including Codes 370 (Personal Property Torts: Other Fraud); 385 (Personal Property Torts: Property Damage Product Liability); 791 (Labor: Employee Retirement Income Security Act); 422 (Bankruptcy: Appeal 28 USC 158); 423 (Bankruptcy: Withdrawal 28 USC 157); 870 (Federal Tax Suits: Taxes); 871 (Federal Tax Suits: IRS- Third Party); 820 (Property Rights: Copyrights); and 375 (Other Statutes- False Claims Act). ECF No. 1-1. Plaintiff

also purports to invoke both this Court's diversity and federal question jurisdiction but fails to set forth specific facts to establish either. ECF No. 1 ¶ II, at 3.

Along with her Complaint, Plaintiff filed an *in forma pauperis* application which, although incomplete, includes sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. ECF No. 2. Based upon the information provided, the Court permitted Plaintiff to proceed *in forma pauperis* but withheld the issuance of summons and ordered Plaintiff to file, on or before Wednesday, December 14, 2022, a response containing specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim, as necessary to determine whether the complaint satisfies the requirements of the federal *in forma pauperis* statute or the claims lack merit on their face. The Order also placed Plaintiff on notice that her failure to comply with the order may result in the dismissal of her complaint.

## II.   APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5]  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[6]  A court may not dismiss a claim simply because the facts are "unlikely."[7]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[8]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[10]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.*
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

"unadorned, the-defendant-unlawfully-harmed-me accusation."[11]  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[12]

C.  **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[13]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[14]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[15]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[16]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[17]  Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[18]

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[12] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[13] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[14] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[15] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[16] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[17] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[18] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

### III. ANALYSIS

Plaintiff purports to invoke both this Court's diversity and federal question jurisdiction. ECF No. 1 ¶ II, at 3. Plaintiff identifies herself as the Plaintiff and three Defendants, Desriee Horton, Aaron Wilkson and Jack Wilkson. Plaintiff does not specify the citizenship of either herself or any of the Defendants. The Court notes that all are reflected to have Louisiana addresses, suggesting they may well all be Louisiana citizens. *Id.* ¶ I, at 1-2. Although Plaintiff asserts that the defendants "took money," she does not set forth the amount in controversy or explain the basis for any assertion that it exceeds the $75,000 jurisdictional minimum. *Id.* ¶ II, at 4. Accordingly, the Complaint does not reflect the presence of diversity jurisdiction under § 1332.

Likewise, Plaintiff's Complaint reflects no basis for finding federal question jurisdiction. In response to the form's direction to identify the federal statute at issue if the basis for jurisdiction is federal question, Plaintiff simply writes "Yes." *Id.* ¶ II(A), at 3. She also fails to provide any facts whatsoever to support her claim, and in response to the form's instruction to write a "short and plain statement of the claim," she again writes "Yes" and leaves blank the relief requested. *Id.* ¶ III, at 4. On its face, Plaintiff's complaint does not reflect a colorable claim arising under federal law, as necessary to support federal question jurisdiction under § 1331. Accordingly, Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction.

### IV. CONCLUSION

Despite being advised that her failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth any facts necessary to support this Court's exercise of subject matter jurisdiction over her claims in this case. Accordingly, for the foregoing reasons, Plaintiff's Complaint fails to establish

either diversity or federal question jurisdiction and thus, must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[19]

New Orleans, Louisiana, this  10th  day of January, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).